UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TERRELL BROYLES, #15002185,

                              Plaintiff,

                -against-

NASSAU CTY P.D.; TEDESCHI, Serial Num. 7258,
Shield 429, Squad 5; JOHNSON, Serial Num. 8650,
Shield 3114, Squad 5; NASSAU COUNTY DA'S OFFICE,
NEW YORK STATE, BRIAN J. CARMODY, Attorney,

                             Defendants.
------------------------------------------------------------------------X

**ORDER**
15-CV-3278 (JMA)(AKT)

**AZRACK, United States District Judge:**

On May 28, 2015, incarcerated pro se plaintiff Terrell Broyles ("plaintiff") commenced this action against the Nassau County Police Department ("the Police Department"), Nassau County Police Officer Tedeschi ("P.O. Tedeschi"), Nassau County Police Officer Johnson ("P.O. Johnson"), the Nassau County DA's Office (the "DA"), New York State (the "State"), and Brian J. Carmody ("Carmody" and collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights. Accompanying the complaint is an application to proceed in forma pauperis. The Court grants plaintiff's request to proceed in forma pauperis and, for the reasons that follow, sua sponte dismisses the complaint as against the defendants other than P.O. Tedeschi and P.O. Johnson pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

## I. BACKGROUND[1]

Plaintiff's brief, handwritten complaint was submitted on the Court's Section 1983

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

complaint form. Plaintiff seeks to challenge his April 9, 2015 arrest by P.O. Tedeschi and P.O. Johnson and subsequent prosecution arising from that arrest. Plaintiff claims that the police officers "just came running in [his] grandfather's house" and arrested him without a warrant. (Compl. at 6.) Plaintiff alleges that these officers did not knock before entering the house and did not display any police identification prior to handcuffing plaintiff and "drag[ging]" plaintiff to the police car. (Id. at 6−7.) Plaintiff further claims that the officers did not "read [him his] rights" and did not tell plaintiff why he was arrested until he was brought to the police station.[2] (Id. at 7.)

Plaintiff claims that he was out of the state at the time of the robbery at issue and suggests that his brother, "who looks exactly like [him]" may be responsible since, inter alia, "his [brother's] prints were found at the scene." (Id. at 7, 12.) Plaintiff alleges that at the time he was brought to the police station, his brother was already in custody. Plaintiff further claims that the police threatened to charge his brother with the crime and, as a result, his brother falsely stated that plaintiff was the perpetrator in order to save himself from prosecution. (Id. at 7−9.) Further, plaintiff complains that he was indicted "off a fabricated police report." (Id. at 10.)

Plaintiff also complains that Carmody, his criminal defense attorney,[3] "is not working in my best interest at all he is working against me, and he is misrepresenting me period." (Id. at 10.) Plaintiff claims that Carmody is "trying to get [him] to take a plea" even though plaintiff has advised Carmody that he "would never take any form of a guilty plea." (Id. at 10–11.)

As a result of the foregoing, plaintiff seeks to recover damages of $50 million and to have

---

[2] Once at the police station, plaintiff acknowledges that he was informed that he was going to be charged with two counts of robbery in the first and second degree. (Compl. at 7.)

[3] According to the information maintained on the public electronic docket for the New York State Unified Court System, Carmody is an attorney from the 18B panel assigned to defend plaintiff in the underlying criminal case. See https://iapps.courts.state.ny.us (last visited on October 26, 2015).

Carmody disbarred. (Id. at 11.) Plaintiff also seeks his release from custody.[4]

## II. DISCUSSION

A. **In Forma Pauperis Application**

Upon review of plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed in forma pauperis is granted.

B. **Standard of Review**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d

---

[4] According to the information maintained on the public electronic docket for the New York State Unified Court System, plaintiff was remanded following his April 27, 2015 indictment after he failed to post the $75,000 bond imposed by the Court. See https://iapps.courts.state.ny.us (last visited on October 26, 2015).

Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.      Section 1983**

Section 1983 provides that:

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a Section 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by

4

a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (internal quotation marks and citation omitted)). Second, challenged conduct "must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo, 592 F.3d at 127; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999). With these standards in mind, the Court considers plaintiff's claims.

### 1. Claims Against New York State

Plaintiff names the State as a defendant. The Eleventh Amendment bars suits brought by a state's own citizens in federal court. Woods v. Rondout Valley Central School Dist. Bd of Educ., 466 F.3d 232, 236 (2d Cir. 2006) (citing Alden v. Maine, 527 U.S. 706, 712, 119 S. Ct. 2240, 144 L. Ed. 2d 636 (1999)). The Supreme Court instructs that the Eleventh Amendment gives a state government immunity from suit, not just from liability. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, 506 U.S. 139, 144 (1993). Accordingly, because plaintiff's claims against the State are barred by the Eleventh Amendment, Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 268 (1997), they are not plausible and are thus dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).

### 2. Claims Against Police Department and the DA

Plaintiff also names the Police Department and DA as defendants. However, the Police Department and the DA are non-suable entities because they are merely administrative arms of the County of Nassau. "Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and,

therefore, cannot sue or be sued." See Rose v. County of Nassau, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) (citations omitted) (dismissing claim against the police department); see also Booker v. Doe, No. 11-CV-1632, 2011 WL 3648275, at *2 (E.D.N.Y. Aug. 10, 2011) (dismissing Section 1983 claim against the Suffolk County District Attorney's Office). Therefore, plaintiff's claims against the Police Department and the DA fail as a matter of law and are thus dismissed. However, given plaintiff's pro se status and affording his complaint a liberal construction, the Court has considered whether plaintiff has alleged a plausible claim against Nassau County, and finds that he has not for the reasons that follow.

### 3. Claims as Construed Against Nassau County

It is well-established that a municipality, such as Nassau County, may be liable under Section 1983 only if the plaintiff proves that "action pursuant to official . . . policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. County of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights. See Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, the plaintiff must allege (1) the existence of a formal policy officially endorsed by the municipality, (2) actions taken or decisions made by an official with final decision making authority, (3) a practice so persistent and widespread that it constitutes a custom, or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees. Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 478 (E.D.N.Y. 2002); Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996).

6

"[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted).

Here, even affording the pro se complaint a liberal construction, there are no factual allegations from which the Court may reasonably infer that the conduct of which plaintiff complains was caused by some policy or custom of Nassau County. Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, plaintiff's complaint, as construed against Nassau County, does not allege a plausible Section 1983 claim.

### 4. Claims Against Carmody

As noted above (see supra at 4−5), in order to state a Section 1983 claim, a plaintiff must allege, inter alia, that the conduct challenged was "committed by a person acting under color of state law." Cornejo, 592 F.3d at 127 (citation omitted). Here, Carmody is a private attorney who does not act under color of state law. It is long established that a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981); Rodriguez v. Weprin, 116 F.3d 62, 65–66 (2d Cir. 1997). However, a private actor, such as Carmody, may be considered to be acting under the color of state law for purposes of Section 1983 if the private actor was a "'willful participant in joint activity with the State or its agents.'" Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)). Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights. Ciambriello, 292 F.3d at

323−24. To state a plausible Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Id. at 324−25 (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999)). Here, plaintiff has not alleged that Carmody acted jointly with a state actor or conspired with a state actor to deprive plaintiff of some constitutional right. Thus, plaintiff has not alleged a plausible conspiracy claim.

Because Carmody is not a state actor, there is no legal basis for a Section 1983 claim against him. See, e.g., Polk County, 454 U.S. at 325. Accordingly, plaintiff's Section 1983 claim against Carmody fails as a matter of law, and it is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(2).

### 5. Claims Against P.O. Tedeschi and P.O. Johnson

Though thin, plaintiff's Section 1983 claims against P.O. Tedeschi and P.O. Johnson shall proceed. Given the liberal construction afforded to pro se pleadings, together with the presumption of truth afforded to plaintiff's complaint, the Court declines to dismiss plaintiff's Section 1983 claims against P.O. Tedeschi and P.O. Johnson at this early stage in the proceeding. See, e.g., Rogers v. City of Troy, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true). Accordingly, the Clerk of Court is directed to forward copies of the summonses and complaint for the P.O. Tedeschi and P.O. Johnson to the United States Marshal Service so that these defendants may be served forthwith.

**D.     Leave to Amend**

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a pro se plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted). Here, because the deficiencies in the claims dismissed by the Court are substantive and would not be cured with better pleading, leave to amend the complaint is denied.

## III.     CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed in forma pauperis is granted, but the complaint is sua sponte dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) as against the defendants other than P.O. Tedeschi and P.O. Johnson. Plaintiff's Section 1983 claims against P.O. Tedeschi and P.O. Johnson shall proceed and the Clerk of Court shall forward copies of the summonses and complaint for P.O. Tedeschi and P.O. Johnson to the USMS so that these defendants may be served forthwith.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose

of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**


Dated: November 6, 2015
        Central Islip, New York

                                                          /s/
                                            Joan M. Azrack, U.S.D.J.